UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

*(Electronically Filed)*

| | |
|---|---|
| VOSS OF NORWAY, A.S.A. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HIGH LIQUORS LLC | ) |
|   A Kentucky Limited Liability Company | ) |
|   152 Partridge Drive | ) Civil Action No. _____ |
|   Russell, Kentucky 41169 | ) |
| | ) |
| **Serve:** | ) |
| Brad Wright (registered agent for service of process) | ) |
| 152 Partridge Drive | ) |
| Russell, Kentucky 41169 | ) |
| | ) |
| Defendants. | ) |

\* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff, Voss of Norway, A.S.A., by its undersigned attorneys, for its complaint against the Defendant, states and alleges as follows:

**THE PARTIES**

1.  Plaintiff Voss of Norway, A.S.A. ("Plaintiff") is a Norwegian corporation having its principal place of business at Bygdoy alle 17, N-0262 Oslo, Norway. Its principal business is the marketing and sale of artesian drinking water from Norway ("VOSS water") sold primarily in distinctive vessels and bottles. Plaintiff does business in this judicial district and elsewhere in the United States.

1

2. On information and belief, Defendant, High Liquors LLC, is a Kentucky limited liability company having its principal place of business at 152 Partridge Drive, Russell, Kentucky 41169 ("High Liquors"). On information and belief, High Liquors is engaged in the business of procuring, selling, and distributing a wide range of alcoholic beverages through its own retail stores and shops located in Kentucky, Georgia, Tennessee, and Michigan to residents of those states and elsewhere in the United States.

## NATURE OF THE ACTION

3. This is an action for trade dress infringement, trademark infringement, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. §1051 *et seq.*, for common law unfair competition, and common law unjust enrichment. The common law unfair competition and unjust enrichment claims are substantial and related to the claim under federal law, and arise from the same operative body of facts.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1331 and 1338(a) and (b). This Court has subject matter jurisdiction over the supplemental state and common law claims pursuant to 28 U.S.C. §§1367 (a) and 1332. The value of the interests Plaintiff seeks to protect exceeds the sum of seventy-five thousand dollars (75,000.00) and the damages suffered by Plaintiff are in excess of that amount.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## FACTS

6. Plaintiff is primarily in the business of producing and supplying bottled artesian drinking water from Norway. Plaintiff is the owner of a number of U.S. trademark registrations as set forth below:

| Trademark & Logo | Goods/Services | Serial/Reg. No. | Status/Status Date | Owner |
|---|---|---|---|---|
| VOSS ARTESIAN WATER FROM NORWAY (and Design) | 32 - Drinking water | 77-190585 3,394,373 | REGISTERED - March 11, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| VOSS ARTESIAN WATER FROM NORWAY SPARKLING (and Design) | 32 - Drinking water | 77-192175 3,394,377 | REGISTERED - March 11, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| Miscellaneous Design | 32 - Drinking water | 77-294174 3,440,225 | REGISTERED - June 3, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| Miscellaneous Design | 32 - Drinking water | 78-507373 3,259,981 | REGISTERED - July 10, 2007 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| Miscellaneous Design | 32 - Drinking water | 78-553604 3,323,854 | REGISTERED - October 30, 2007 | VOSS OF NORWAY ASA |

| | | | | | (NORWAY CORPORATION) |
|---|---|---|---|---|---|

7.  A copy of these relevant registrations as issued by the United States Patent and Trademark Office is attached hereto as Exhibit A ("the VOSS trademarks").

8.  Plaintiff has sold drinking water in a distinctive clear, cylindrical bottle configuration having a substantially uniform radius from the base of the bottle to the top of the cap with a cylindrical cap of the same general diameter in the United States since at least the year 2000 and continuously thereafter up to and including the present time. This configuration is a unique configuration within the beverage market and within the market for beverage containers. Photographs of typical bottles of VOSS water are reproduced and attached hereto as Exhibit B. Unlike many bottled water producers, Plaintiff has sold its products through licensed alcoholic beverage distributors, and has made strong inroads in the hotel, restaurant, and the wine and alcoholic beverage retail markets. Plaintiff's products are often sold in wine shops and liquor stores, and in clubs, bars and restaurants that sell premium wine and liquor. Plaintiff's products are often sold and offered for sale as a perfect accompaniment to fine wine, or as the perfect mixer to

add to fine distilled spirits. Plaintiff innovated the market for selling bottled water in this way and in this channel of trade. Plaintiff advertises in magazines that cater to the wine and spirit market, such as Wine Spectator, and other similar publications.

9. Plaintiff has expended a substantial amount of money and effort in advertising and promoting the VOSS Trademarks, its products, and its distinctive trade dress. These activities include (but are not limited to) print and media advertising, event sponsorships, and product placements in television shows, movies, and celebrity events.

10. The trade dress of VOSS products is not functional. In particular, and without limitation, the distinctive shape of the bottle is not functional but rather does and is intended to evoke the sleek, sophisticated nature of the Plaintiff, of the products Plaintiff offers, and of the reputation and style of the Plaintiff. Plaintiff's trade dress was created by a famous designer, and at significant expense. Plaintiff's bottle shape has received design awards, and wide recognition in the trade.

11. Plaintiff's substantial promotion, advertising, publicity and public relations activities further promote and enhance the goodwill and trademark recognition associated with the trade dress of the Plaintiff and the VOSS trademarks.

12. As a result of the Plaintiff's extensive efforts to promote its products and its trademarks, the VOSS bottle is well-recognized among consumers, members of the public, the beverage market, and among suppliers and customers for beverage containers. The distinctive trade dress of the VOSS products and the VOSS trademarks are critical to the success of VOSS. The packaging and overall trade dress of VOSS products is inherently distinctive, has been protected with numerous trademark registrations, and has developed and possesses strong secondary meaning. Plaintiff's distinctive bottle shape has been knocked off by third parties, and Plaintiff has had a robust policing and enforcement program to protect its brand. Numerous cease and desist letters and court

proceedings have been undertaken by Plaintiff to protect the distinctive bottle shape and trademark. The Voss trademarks are famous and are widely recognized by the general consuming public of the United States as a designation of source of the goods of Plaintiff.

13.     Upon information and belief, Defendant has begun to market, manufacture, and sell a line of beverage containers under Defendant's brand. The container includes 760 mL of fluid within a single wall glass beverage vessel. The item is of a size, shape and configuration extremely and confusingly similar to that of the VOSS bottle and the VOSS trademarks. Specifically, Defendant is selling its products in a clear, cylindrical bottle configuration having a substantially uniform radius from the base of the bottle to the top of the cap with a cylindrical cap of the same general diameter. The Defendant sells various alcoholic spirits in this container, including, vodka, rum, whiskey, and tequila. Defendant sells its products through licensed alcoholic beverage retailers, and is attempting to enter the identical channel of trade long occupied by Plaintiff. The products are displayed on its website. A true and correct copy of Defendant's website, found at http://www.highliquors.com, as of January 7, 2012 is attached hereto as Exhibit C. On information and belief, additional and different items numbers may also be used by Defendant, all of which violate the rights of the Plaintiff.

14.     On information and belief, Defendant has sold the containers depicted in Exhibit C in interstate commerce, within the state of Kentucky, and elsewhere.

15.     The manufacture, sale, distribution, promotion, and advertising of the containers shown in Exhibit C cause harm to the Plaintiff in Kentucky and elsewhere.

16.     There is no association or affiliation of any kind between Plaintiff and the Defendant.

17.     The configuration, appearance, shape, design and look of the Defendant's bottles depicted in Exhibit C are virtually identical to the trade dress and packaging of,

6

and are a colorable imitation deceptively and confusingly similar to, the VOSS bottle and the VOSS trademarks. Defendant's products are closely related to Plaintiff's products. Many common drinks combine water with a distilled spirit, such as scotch and water, or whiskey and water, or include ice cubes made from water. Water and distilled spirits are often sold and consumed together. Defendant states in its marketing material, as shown in Exhibit C, "The alcohol is then blended with pure, clear, cold Rocky mountain water drawn from a deep well in the Snake River Plain." (Exhibit C: 9). Exhibit C further shows the Defendant's whiskey product with several ice cubes. (Exhibit C: 11). Consumers seeing Defendant's bottles will likely believe that the beverage within is made by Plaintiff, or is intended to be consumed with Plaintiff's water, or blended therewith. Such beliefs are erroneous, unfairly benefit Defendant and harm Plaintiff.

18. Defendant has proceeded without the permission or consent of Plaintiff.

19. Plaintiff has no control over the manner of use of its trademark by the Defendant when the Defendant sells products incorporating the trade dress and product configuration of the Plaintiff's VOSS bottle and VOSS trademarks.

20. The Defendant has been notified in writing of the Plaintiff's trademark and configuration rights and has constructive notice of the Plaintiff's registered trademarks.

21. Defendant has refused to stop the manufacture, sale, and distribution of the product illustrated in Exhibit C, and the continued use of the trademarks and trade dress of the Plaintiff by Defendant causes continuing damage to Plaintiff. Defendant has not offered to compensate Plaintiff in any way for its injury and damage, and ongoing use by Defendant of the accused trade dress causes ongoing damage to Plaintiff.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
## 15 U.S.C. §1114

22.     Plaintiff repeats and realleges paragraphs 1-21 above.

23.     Plaintiff owns a distinctive and protected trade dress and configuration trademark for the overall trade dress and packaging for its VOSS water as illustrated in the trademark rights and United States federal trademark registrations it owns.  The Principal Registrations VOSS owns are evidence of its ownership of the marks shown, the validity of the registrations and its exclusive right to use those marks in commerce with respect to drinking water.

24.     Defendant's continued promotion of and sale of beverage in containers under a confusingly similar and deceptively similar trade dress and product configuration is likely to cause confusion, mistake or deception among consumers and potential consumers.  Customers and potential customers are likely to believe that the Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated with, designed for use with or are associated with Plaintiff when that is not true.

25.     Defendant's activities will have and have had a substantial adverse effect on Plaintiff's business and the goodwill in the Voss Trademarks.

26.     As a direct and proximate result of the likely confusion, mistake, deception, and false creation of the perception of affiliation, sponsorship, or endorsement, Plaintiff has suffered and will continue to suffer actual damages and irreparable harm if the Defendant's conduct is not enjoined.  This harm cannot be adequately compensated solely by money damages.

27.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of Defendant's conduct, renders this an "exceptional case" entitling plaintiff to recover its attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
## TRADE DRESS INFRINGEMENT
## 15 U.S.C. §1125(a)

28. Plaintiff repeats and realleges paragraphs 1-27 above.

29. Plaintiff is the owner of a distinctive mark and the overall trade dress and product configuration for its VOSS water, VOSS bottle, and the overall appearance of its cylindrical, clear bottle configuration. Plaintiff's trade dress consists of a substantially clear cylindrical bottle having a substantially uniform radius from the base of the bottle to the top of the cap and a cylindrical cap of substantially the same diameter.

30. Defendant's continued promotion and sale of containers having a virtually identical trade dress and product configuration, namely, a substantially clear cylindrical bottle having a substantially uniform radius from the base of the bottle to the top of the cap and a cylindrical cap of substantially the same diameter is likely to cause confusion, mistake or deception as to the source of origin of such products, and customers and potential customers of the same are likely to believe that the Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated with or associated with Plaintiff when that is not true.

31. Defendant's activities have had and will continue to have a substantial adverse effect on Plaintiff's existing and future business, as well as the goodwill Plaintiff enjoys in its trade dress and product configuration.

32. As a direct and proximate result of this likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer actual damage and irreparable harm if the Defendant's conduct is not enjoined. Plaintiff's harm cannot be adequately compensated solely by money damages.

**COUNT III**
**PRODUCT CONFIGURATION INFRINGEMENT**
**15 U.S.C. §1125(a)**

33. Plaintiff repeats and realleges paragraphs 1-32 above.

34. Plaintiff enjoys and holds a product configuration protectable at law in the appearance of its cylindrical, substantially clear bottle having a substantial uniform radius from the base of the bottle to the top of the cap and including a cylindrical cap of substantially the same diameter.

35. Defendant has infringed the product configuration of the Plaintiff by the manufacture, sale, advertising, and promotion of a product having a confusingly similar product configuration, namely, a substantially clear cylindrical bottle having a substantially uniform radius from the base of the bottle to the top of the cap and a cylindrical cap of substantially the same diameter. The products sold by the Defendant accused of infringement are closely related in nature, use, intended customers, function, and overall look and feel to the products of the Plaintiff.

36. As a direct and proximate result of the confusing similarity of the Defendant's product with the product configuration of the Plaintiff, Plaintiff has suffered and will continue to suffer actual damage and irreparable harm if the Defendant's conduct is not enjoined. The harm to the Plaintiff cannot be adequately compensated solely by money damages.

**COUNT IV**
**FALSE DESIGNATION OF ORIGIN**
**15 U.S.C. §1125(a)**

37. Plaintiff repeats and realleges paragraphs 1-36 above.

38. The Defendant is passing off its products as having come from the Plaintiff, or having been endorsed, affiliated, sponsored by, or endorsed by the Plaintiff.

10

The Defendant is creating a false designation of origin and is deceiving and confusing customers through the violation of the rights of the Plaintiff as set forth herein.

39. As a direct and proximate result of the likely confusion, mistake, or deception and passing off engaged in by the Defendant, Plaintiff has suffered and will continue to suffer actual damage and irreparable harm if the Defendant's conduct is not enjoined. Plaintiff cannot be adequately compensated for this violation of Section 43(a) of the Lanham Act.

### COUNT V
### TRADEMARK DILUTION
### 15 U.S.C. §1125(c)

40. Plaintiff repeats and realleges paragraphs 1-39 above.

41. The Voss Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

42. The Voss Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C § 1125(c)).

43. Defendant's use of Plaintiff's product configuration without authorization from Plaintiff impairs the distinctiveness of the famous marks of Plaintiff and causes dilution by blurring.

44. Upon information and belief, Defendant has intentionally and willfully impaired the distinctive quality of the Voss Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

45. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

46. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

47. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff cannot be adequately compensated for this violation of Section 43(c) of the Lanham Act.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

48. Plaintiff repeats and realleges paragraphs 1-47.

49. This cause of action arises under the common law of unfair competition and passing off of the Commonwealth of Kentucky. This Court has jurisdiction over the claim set forth below by virtue of 28 U.S.C. § 1338(b) in that this claim is one of unfair competition and is substantially related to the claims under federal trademark law included in Counts I-V.

50. By engaging in the acts herein alleged, Defendant has committed unfair competition, deceptive advertising and unfair trade practices, all in violation of Kentucky common law of unfair competition causing injury to Plaintiff.

51. Upon information and belief, Defendant has willfully engaged in the conduct complained of herein with the intent to engage in unfair competition and to cause confusion or mistake or to deceive.

52. Plaintiff cannot be adequately compensated for this violation of the common law of unfair competition and passing off of the Commonwealth of Kentucky.

## COUNT VII
## COMMON LAW UNJUST ENRICHMENT

53. Plaintiff repeats and realleges paragraphs 1-60.

54. The acts complained of above constitute unjust enrichment of Defendant at Plaintiff's expense, in violation of the common law of the State of Kentucky.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

**WHEREFORE**, Plaintiff prays that the Court enter an order:

A.  Preliminarily, and then permanently, enjoining, and restraining the Defendant, its members, managers, directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through or under Defendant, at first during the pendency of this action and thereafter perpetually:

1.  From importing into, distributing and/or selling in the United States the bottles utilizing the trade dress depicted in Exhibit C of the Complaint;

2.  From using the trade dress and/or packaging depicted in Exhibit C, or any imitation thereof, in any promotional materials or advertising, including any advertising appearing over the Internet;

3.  From committing any acts of trademark infringement, trade dress infringement, product configuration infringement, unfair competition and/or from implying a false designation or origin or a false description or representation with respect to Plaintiff's trade dress and packaging;

4.  From committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services which are not Plaintiff's goods/services as those of Plaintiff;

5.  From committing any acts of diluting the distinctive quality of the Voss Trademarks and decreasing the capacity of such marks to identify and distinguish Plaintiff's products;

6.  From committing any acts of unfair competition; and

7.  From otherwise unjustly enriching itself at Plaintiff's expense.

B. An order requiring that the Defendant destroy any and all containers, signs, packaging materials, printing plates and advertising or promotional materials, and any materials used in the preparation thereof, which in any way infringe upon, unlawfully use or make reference to Plaintiff's trademark and/or trade dress as depicted in Exhibit C to the Complaint, in connection with Defendant's products.

C. An order requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to paragraphs A and B above.

D. An order requiring Defendant to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendant's profits, Plaintiff's attorneys fees, and costs, and order that the amount of damages awarded Plaintiff be increased three times the amount thereof.

E. Awarding Plaintiff such other relief as the Court may deem just and proper.

Dated: January 15, 2013

Respectfully submitted,

*s/Brian McGraw/*

_____

James R. Higgins, Jr.
Brian P. McGraw
MIDDLETON REUTLINGER
401 S. 4th Street
2600 Brown & Williamson Tower
Louisville, Kentucky 40202
Tel: (502) 584-1135
Fax: (502) 561-0442
Email: jhiggins@middletonlaw.com
bmcgraw@middletonlaw.com

-and-

14

John A. Clifford (to be admitted *pro hac vice*)
Nisha N. Patel (to be admitted *pro hac vice*)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 332-5300
JClifford@merchantgould.com
NPatel@merchantgould.com

Regina Vogel Culbert (to be admitted *pro hac vice*)
MERCHANT & GOULD P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA  98104
Tel: (206) 342-6200
RCulbert@merchantgould.com

COUNSEL FOR PLAINTIFF
VOSS OF NORWAY, A.S.A.